UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VIVIEN RAGAN,

                                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                                Defendant.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff complaining of the defendant through her attorney, KUJAWSKI & KUJAWSKI, respectfully alleges upon information and belief:

## JURISDICTION AND VENUE

1. This action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346 et. seq. and § 2671 et. seq. Plaintiff is a citizen of the United States. The plaintiff, VIVIEN RAGAN, filed a claim for Damage, Injury or Death with the United States Postal Service, Accident/Claims Investigator, 223 West 38th Street, New York, New York 10018 on or about June 1, 2020.

2. On or about August 13, 2020, the United States Postal Service acknowledged receipt of the aforementioned claim.

## THE PARTIES

3. That at all times hereinafter mentioned, plaintiff VIVIEN RAGAN was and still is a citizen of the United States.

4. That at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, was the owner of real property located at 223 West 38th Street, New York, County of New York, State of New York, including the sidewalk existing thereon.

5. That at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, was the lessor of real property located at 223 West 38th Street, New York, County of New York, State of New York, including the sidewalk existing thereon.

6. That at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, was the lessee of real property located at 223 West 38th Street, New York, County of New York, State of New York, including the sidewalk existing thereon.

7. That at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees, managed the aforementioned premises, including the sidewalk existing thereon.

8. That at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees, maintained the aforementioned premises, including the sidewalk lot existing thereon.

9. That at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees, exercised control of the aforementioned premises, including the sidewalk existing thereon.

10. That at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees, repaired and/or were responsible for repairs to the aforementioned premises, including the sidewalk existing thereon.

11. That on or about October 15, 2018, the plaintiff was lawfully and rightfully upon the defendant's premises at the aforementioned location.

12. That on or about October 15, 2018, while the plaintiff was traversing the aforesaid sidewalk at the aforementioned location, she was caused to trip and fall due to the uneven sidewalk existing thereon, and thereby sustained the severe and serious injuries

complained of herein.

13. That the said accident and injuries to the plaintiff were caused solely through and by reason of the carelessness and negligence of the defendant, its agents, servants and/or employees in the manner of maintaining the surface of the area of the sidewalk located on said premises; in allowing a defective and dangerous condition to exist and remain thereon, all with due knowledge on the part of the defendant, its agents, servants and/or employees; in failing to comply with New York City Administrative Code, in particular, §§7-210 and 19-152; in failing to comply with the Rules and Regulations of the City of New York §2-09; that said condition existed for a sufficient length of time prior to the occurrence complained of herein for the defendant to have acquired such knowledge and remedied said condition; in failing to notify the public of the defective condition existing thereon; in failing to provide a safe place for patrons of the premises to walk; that the defendant acted with reckless disregard for the safety of others; and the defendant was otherwise negligent and careless.

14. That as a result of the foregoing, this plaintiff sustained severe and serious personal injuries; was rendered sick, sore, lame and disabled; sustained severe nervous shock, mental anguish and great physical pain; was compelled to undergo medical aid, treatment and attention; was prevented from attending to her usual duties for a long period of time, all with attendant losses; and since some of her injuries are of a permanent and lasting nature, she will continue to suffer similar damage in the future.

15. That Article 16 of the CPLR, including joint and several liability for non-economic loss, is not applicable to the plaintiff's cause of action.

16. That by reason of the premises, plaintiff seeks damages in the amount of $1,000,000.00.

WHEREFORE, the plaintiff, VIVIEN RAGAN, demands judgment against the defendant in the amount of $1,000,000.00, together with the costs and disbursements of this action.

KUJAWSKI & KUJAWSKI, ESQS.

_____
MARK C. KUJAWSKI (MK 6300)
Attorneys for Plaintiff
1637 Deer Park Avenue
P.O. Box 661
Deer Park, New York 11729-0661
631-242-1600

STATE OF NEW JERSEY )
                                ss.:
COUNTY OF HUDSON )

        VIVIEN RAGAN, being duly sworn, deposes and says:

        That deponent is the plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

_____
VIVIEN RAGAN

Sworn to before me this O7 day of September, 2021

_____
Notary Public



Brigitte V Castro Gomez
Notary Public
New Jersey
My Commission Expires 5-25-22
No. 50061319